IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MADELINE APOLLO, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 11-6684 |
| PENNSYLVANIA CONVENTION : | |
| CENTER AUTHORITY, et al., : | |
| : | |
| Defendants. | |

**MEMORANDUM/OPINION**

Presently before the Court is Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Disqualification and Recusal of United States District Court Judge Petrese Tucker (Doc. 20),[1] and Defendant's Response in Opposition thereto (Doc. 19). After giving full consideration to the arguments set forth therein, as well as upon hearing the parties' arguments in a hearing before this Court on March 19, 2012, the Court will deny Plaintiff's Motion.

**I.      FACTUAL BACKGROUND**

The parties have stipulated to the following facts:

1. Judge Petrese Tucker is the presiding federal district court judge in the matter of Madeline Apollo v. Pennsylvania Convention Center Authority and Ahmeenah Young, Civil Action No. 11-6684.

2. Madeline Apollo and Judge Tucker both sit as Board members of Avenue of the Arts, Inc. ("AAI").

---

[1] Plaintiff's original Motion for Recusal was entered as Docket Entry No. 17. However, at the hearing before this Court on March 19, 2012, Plaintiff withdrew this motion, and offered her Reply to Defendants' Response (Doc. 20) in its place.

-1-

3. Both Apollo and Judge Tucker attended the December 13, 2011 Avenue of the Arts Board meeting.

4. Carol Hunt, Director of Finance for the Pennsylvania Convention Center Authority ("PCCA" or "Convention Center") was also present at that Board meeting and is a member of the AAI Board.

5. Carol Hunt sat next to Judge Tucker at that Board meeting and though they spoke, they did not discuss Madeline Apollo.

6. After that Board meeting, Judge Tucker informed AAI Executive Director, Karen Lewis, that she was the presiding judge in a federal lawsuit filed by Madeline Apollo.

7. Karen Lewis informed the governance committee that Judge Tucker was assigned to a case filed by Madeline Apollo.

8. Judge Tucker did not say to anyone that she felt awkward about her Board service or presiding over the Apollo federal case.

9. Michael Horsey, managing partner of Mitchell and Titus also sits on the AAI Board and was present at the December AAI Board meeting. Mitchell and Titus is the auditor for the Convention Center Authority.

10. Patricia Wellenbach, former Chairwoman of the Board of AAI met with Madeline Apollo at the Union League on February 10, 2012 and gave Madeline Apollo the option of taking a leave of absence from the AAI Board.

11. Patricia Wellenbach would testify that Madeline Apollo said that she would remain on the Board and that she would be filing a motion to recuse Judge

Tucker. Madeline Apollo does not agree that she said she was moving to recuse the judge.

## II. LEGAL STANDARD

Plaintiff has filed a Motion for Recusal pursuant to 28 U.S.C. § 455(a) which provides that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The inquiry into whether a judge's "impartiality might reasonably be questioned," is an objective one, and the Court must determine whether "a reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir. 1987) (quoting United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir. 1983)). Motions to recuse under § 455(a) "must rest on the kind of objective facts that a reasonable person would use to evaluate whether an appearance of impropriety had been created, not on 'possibilities' and unsubstantiated allegations." United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989). As a result, a judge need not accept as true the movant's allegations, but may contradict them with facts drawn from his or her own personal knowledge. United States v. Sciarra, 851 F.2d 621, 625 n.12 (3d Cir. 1988). Ultimately, § 455(a) serves to protect the public's confidence in the judiciary. United States v. Bertoli, 40 F.3d 1384, 1412 (3d Cir. 1994). Therefore, "[a] trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when there is reason to do so." Smith v. Danyo, 441 F. Supp. 171, 175 (M.D. Pa. 1977), aff'd, 585 F.2d 83 (3d Cir. 1978).

## III. DISCUSSION

Plaintiff asserts that I should recuse myself from this matter because she and I, as well as

some potential witnesses in the case (Carol Hunt and Michael Horsey in particular), all serve on the Board of Directors of the AAI. Plaintiff also argues that the alleged close relationship between AAI and PCCA warrants my recusal from her case. In particular, Plaintiff argues that my communication to AAI Executive Director, Karen Lewis, that I was presiding over Plaintiff's case in federal court, although "likely unintended" to do so, "triggered a set of unintended consequences and communications, causing certain AAI Board members . . . to deliberate about the situation and communicate further about it." Plaintiff argues that the fact that these discussions took place amongst AAI Board members demonstrates that reasonable people have "raise[d] questions as to whether this District Judge should be presiding over this case." Plaintiff also argues that reasonable people who know that "the AAI Board works with the Convention Center Board members and stakeholders to secure funding for the AAI projects," and that I am "working to further the AAI Board's interests to advocate for businesses such as the Convention Center within the District" will question my partiality in this case.

      Plaintiff's arguments are without merit. Her characterization of me as being "duty bound" to advocate business relating to the Defendant is exaggerated. The mission of the AAI is to "reinvigorate Broad Street as the arts and entertainment heart and soul of Philadelphia and the region by providing leadership for growth of the Avenue of the Arts as a vibrant and attractive place to live, work, shop, play, and learn." As part of this mission, in 2001, "AAI embarked upon a strategic planning process to reposition the organization, focusing its energies on North Broad Street." Although the Pennsylvania Convention Center is involved in the North Broad Street project, and has a designated representative sit on the AAI Board, these facts in no way transform me into an "advocate" for the Convention Center. To say that AAI has a "close

interrelationship" with the Convention Center ignores the fact that AAI also has relationships with many other businesses along the Broad Street corridor, and the relationship between AAI and the Convention Center is no more noteworthy than AAI's relationship with those other businesses. Plaintiff's statement also ignores the fact that AAI's relationship with businesses along Broad Street does not translate into my regular interaction with those businesses. Any connection that I may have to the PCCA via my membership in AAI is too remote to raise a question regarding my partiality in this case. Disqualification based solely upon my indirect relationship with the Convention Center would be illogical and improper.

Plaintiff also argues that reasonable people have already "raised an issue" regarding whether I should preside in this matter. However, the record reflects that no such questions were raised. The fact that AAI Board members commented that it may be "awkward" for Apollo and I to serve on the same Board has no bearing on what reasonable people might say about my partiality in this case. As Defendants' counsel pointed out, it is no more likely that I will favor the PCCA, a supporter of AAI, than it is that I will favor Plaintiff, who sits alongside me on the Board. As other courts have found, "mere acquaintance with a litigant" is not grounds for recusal. <u>Binsack v. Lackawanna Cnty. Dist. Attorney's Office</u>, No. 08-1166, 2009 WL 3739408, at *2 (M.D. Pa. Nov. 6, 2009); <u>see also</u> <u>Bey v. Bruey</u>, No. 09-1092, 2010 WL 276076 (D.N.J. Jan. 19, 2010) ("The mere existence of some degree of relationship with an involved party is an insufficient basis for recusal."). And based upon this premise, it should go without saying that mere acquaintance with a witness in the case does not supply adequate grounds for recusal either. Thus, any acquaintance I may have with Apollo, or with anyone from the PCCA does not supply sufficient grounds for my recusal from this case.

As a district judge, and as a practitioner in this area for over three decades, it is inevitable that those I have interacted with may appear before me as parties, witnesses, or counsel in this Court. If such interaction created grounds for recusal, "there would be few cases upon which a judge would be qualified to sit." Armstrong Rubber Co. v. Carr, No. 86-1418, 1986 WL 4330 at *2 (E.D. Pa. Apr. 9, 1986). The professional relationships that I have formed by virtue of my work on the AAI Board have a tenuous connection to this case, and no reasonable person would see them as having any bearing whatsoever on my partiality. Therefore, in light of all the foregoing, Plaintiff's Motion for Recusal is denied.

## IV.  CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Disqualification and Recusal is denied. An appropriate Order follows.