IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MADELINE APOLLO, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA CONVENTION | : | No. 11-6684 |
| CENTER AUTHORITY and AMEENAH | : | |
| YOUNG, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM OPINION

**TIMOTHY R. RICE**  December 23, 2013
**U.S. MAGISTRATE JUDGE**

Plaintiff Madeline Apollo seeks to compel the production of documents from Defendants, the Pennsylvania Convention Center Authority ("PCCA") and Ameenah Young. See Motion to Compel (doc. 42). She contends Defendants are "improperly obstructing and delaying discovery by refusing to produce numerous categories of critical documents" in response to her October 2013 document requests. Pl.'s Br. (doc. 42) at 2. She also has sent me a letter concerning Defendants' responses to subpoenas and scheduling of depositions. I grant in part and deny in part Apollo's requests.

I.  Legal Standard

The federal rules permit liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). For good cause, a court also "may order discovery of any matter relevant to the subject matter involved in the action." Id. Such information does not necessarily need to be admissible

at trial so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Id.

II.     Employment Contracts

Apollo asserts Defendants are wrongfully withholding employment contracts between the PCCA and its officers and employees. She argues these contracts are relevant to disprove Defendants' claim that her employment agreement was void *ab initio* because the PCCA lacked the authority to enter into employment agreements. See Pl. Br. at 15 ("the existence of other similar employment agreements, including that of Defendant Young herself, is compelling evidence that disproves Defendants' misrepresentations"); Black's Law Dictionary 1709 (9th ed. 2009) (defining void *ab initio* as "[n]ull from the beginning, as from the first moment when a contract is entered into). She further notes that she relies on the other employment agreements in her Amended Complaint and has asserted a claim for promissory estoppel in response to Defendants' void *ab initio* defense. Defendants contend that the existence of other employment agreements is irrelevant to their defense because the validity of Apollo's agreement is a legal issue based on statutory and regulatory interpretation.

Even if the employment agreements are irrelevant to Defendants' void *ab initio* defense because it is purely a legal issue, the agreements may be relevant to Apollo's promissory estoppel claim made in response to that defense.[1] See Am. Compl. ¶ 229 (alleging Defendants are estopped from denying contractual liability because "Plaintiff reasonably relied upon the representations contained in [her Employment Agreement. . . ."); Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 717 (Pa. Super. 2005) (promissory estoppel requires proof that

---

[1]     Contrary to Apollo's claims, the employment agreements are not relevant merely because she refers to them in her Amended Complaint. See U.S. ex rel. Spay v. CVS Caremark Corp., No. 09-4672, 2013 WL 4525226, at *3 (E.D. Pa. Aug. 2, 2013) (conclusory allegations in a complaint do "not automatically entitle Plaintiff to obtain expansive discovery").

promisor made a promise that it should have reasonably expected would induce forbearance by the promisee). The existence of other PCCA employment contracts may bear on whether the PCCA made promises of employment to Apollo that it should have expected Apollo to rely on.

Evidence of other employment agreements made by the PCCA and the PCCA's treatment of similarly situated employees also may bear on the PCCA's credibility. For example, if the PCCA has been treating the employment agreements of other similarly situated employees as valid, such evidence may show that it is biased against Apollo. See United States v. Abel, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."). Thus, employment agreements between the PCCA and employees who were similarly situated to Apollo appear "reasonably calculated to lead to the discovery of admissible evidence," and must be produced. Fed. R. Civ. P. 26(b)(1).

III.   Personnel Files

Apollo next argues that the PCCA is improperly withholding the personnel files of nine employees identified in the Amended Complaint. Defendants contend Apollo's request is unduly broad because she has requested entire personnel files, rather than "limited, tailored information from the files" that are "relevant to her asserted claims." Defs.' Br. at 9. I agree.

Discovery of personnel files must be limited to documents relevant to the plaintiff's claims because of the confidential information within these files.[2] See Chiaradonna v. Rosemont College, No. 06-1015, 2006 WL 3742777, at *2 (E.D. Pa. Dec. 11, 2006); Northern v. City of

---

[2] The cases from this Court cited by Apollo also show that discovery of personnel files must be limited to those documents that are relevant to the plaintiff's claims. See Kaloudis v. Star Transp., Inc., No. 02-4482, 2003 WL 21294999, at *1 (E.D. Pa. Feb. 6, 2003) (allowing discovery of relevant documents in personnel files); Forrest v. United States, No. 95-3889, 1996 WL 171539, at *2 (E.D. Pa. Apr. 11, 1996) (same).

Phila., No. 98-6517, 2000 WL 355526, at *3 (E.D. Pa. April 4, 2000). Apollo is not entitled to the entire personnel files of the nine employees. However, she can obtain information from the personnel files of those employees who held similar positions or engaged in similar conduct. See Chiaradonna, 2006 WL 3742777, at *2 (limiting discovery in wrongful termination case to personnel files of similarly situated employees); Kanaji v. Phila. Child Guidance Center of Children's Hosp., No. 00-937, 2001 WL 708898, at *3 (E.D. Pa. June 20, 2001) (same); Northern, 2000 WL 355526, at *3 (same). Apollo may receive documents from those files relating to: (a) similar conduct taken by the employee; (b) disciplinary action taken by the PCCA against that employee; or (c) the employee's involvement in Apollo's termination and/or any other disciplinary action taken against Apollo. See Chiaradonna, 2006 WL 3742777, at *2; Kanaji, 2001 WL 708898, at *3. Defendants shall produce only those documents from the relevant personnel files.

IV. Legal Fee Arrangements and Bills

Apollo maintains that Defendants are improperly refusing to produce fee agreements with law firms and legal bills related to work performed for the PCCA. She contends the fee agreements are not privileged and the legal bills are privileged only to the extent that they reveal attorney-client communications or work product. Defendants contend these documents are irrelevant to Apollo's wrongful termination claims and subject to the attorney-client and work product privileges.

Apollo fails to explain how the requested fee agreements and legal bills are relevant to her claims, and fails to establish good cause for requiring production of these documents. See Fed. R. Civ. P. 26(b)(1). Although she alleges in her motion and Amended Complaint that Defendants and their attorneys have engaged in various types of criminal misconduct, such

4

misconduct is not at issue in this case. Apollo's causes of action solely concern the PCCA's and Young's alleged violations of her contractual and civil rights. See Am. Compl. (doc. 11) ¶ 2 ("This Civil Action for breach of contract, conspiracy and violations of Plaintiff Apollo's civil rights arises from Defendants' pattern of retaliatory misconduct against, and wrongful termination of, Plaintiff Apollo . . . in violation of her Employment Agreement and civil rights."); ¶¶ 192-362 (alleging causes of action for breach of contract, violation of procedural due process, § 1983 conspiracy, retaliation, violation of substantive due process, and violation of equal protection against the PCCA and Young). To the extent Apollo is seeking the fee agreements and legal bills to establish that Defendants and their counsel were involved in the criminal misconduct alleged in the Amended Complaint, they are not discoverable because they are irrelevant to her claims. See Fed. R. Civ. P. 26(b)(1). If Apollo believes the fee agreements and legal bills are relevant in some other way to the subject matter of this action, she must explain such relevance and establish good cause, beyond the conclusory allegations in her Amended Complaint, for why these documents should be produced. See id. Simply alleging, without evidentiary support, that a reputable law firm and its attorneys have engaged in criminal offenses is insufficient to justify Apollo's broad discovery demand. See U.S. ex rel. Spay, 2013 WL 4525226, at *3.

V.      Other Documents

Apollo also asserts that that Defendants are "improperly and obstructively" refusing to produce approximately 15 other categories of documents. See Pl.'s Br. at 16-18. Apollo fails to explain how these documents are relevant or that there is good cause for requiring them to be produced. Defendants also claim that some of these documents have been produced, including

5

disciplinary records, credit card records, and Board meeting binders, and that some documents are publicly available. See Defs.' Br. at 3, 14 n.6, 7, 8.

If they have not already been produced, Defendants must produce documents related to the following subjects, which appear to be relevant to Apollo's claims and their void *ab initio* defense:

(1) Investigations since 2008 concerning PCCA officers or employees for misconduct similar to that allegedly engaged in by Apollo;

(2) The termination of any PCCA officer, director, or employee since 2008;

(3) Lawsuits, complaints, claims, administrative, agency, EEOC, or PHRC actions against Defendants relating to claims of discrimination or wrongful termination by former officers, directors, board members, and employees, contractors, service providers, vendors or other businesses;

(4) Allegations of discriminatory statements by, to, or concerning any PCCA officers, directors, board members, or employees;

(5) The June 2010 letter from the Commonwealth of Pennsylvania concerning new contracting procedures;[3]

(6) The Operating Agreement between the Commonwealth, the City, and the PCCA;[4]

(7) Statements by witnesses in this action; and

---

[3] Defendants state they do not know what document Apollo is seeking. Defs.' Br. at 14 n.5. Apollo should provide additional information to Defendants concerning this request so the information can be located.

[4] Defendants state that this, as well as other requested documents, are publicly available. Defs.' Br. at 14 n. 6, 8. Defendants must notify Apollo of the location of any publicly available requested documents.

6

(8) Government investigations since 2008 of Defendants, or any communications by any governmental investigatory agencies relating to claims of discrimination or wrongful termination.

The remaining documents requested are not discoverable.

VI. <u>Privilege Log</u>

Apollo additionally argue that Defendants are evading their discovery obligations by failing to produce a privilege log explaining what documents are being withheld on the bases of privileges. Defendants contend that they will produce a privilege log upon the completion of their document production before the close of discovery. Defendants' proposed procedure, however, affects Apollo's ability to timely challenge Defendants' privilege objections. Defendants, therefore, must produce a rolling privilege log, similar to their rolling document production. By January 6, 2014, Defendants shall produce an initial privilege log addressing the first 30,000 documents they have produced. Defendants must produce subsequent privilege logs every two weeks concerning the documents they have produced up to the date of the privilege log.

VII. <u>Depositions</u>

On December 10, 2013, Apollo sent me a letter stating that Defendants' attorneys are improperly refusing to respond to third-party subpoenas and schedule depositions. Defendants' attorneys assert that they have offered to schedule depositions before the completion of document production, but do not want to be forced to schedule additional depositions of the same witnesses to address any new documents produced.

Defendants' attorneys shall respond to the subpoenas sent to persons they represent by December 30, 2013. With regard to the depositions, it is reasonable to schedule them after all

documents have been produced and reviewed, as the parties stated in their Joint Discovery Report.  See Joint Rpt. Pursuant to Fed. R. Civ. P. 26(f) (doc. 38) at 6.  The parties, however, need to ensure that there is sufficient time for depositions once the production of documents is complete.  Document production, therefore, must be complete by January 31, 2013, and depositions shall be scheduled from that date until the close of discovery on March 3, 2014.

An appropriate Order follows.