IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MADELINE APOLLO, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA CONVENTION | : | No. 11-6684 |
| CENTER AUTHORITY and AMEENAH | : | |
| YOUNG, | : | |
| | : | |
| Defendants. | : | |

# ORDER

AND NOW, on December __, 2013, upon consideration of Plaintiff Madeline Apollo's Motion to Compel Documents (doc. 42) and the response filed by the Pennsylvania Convention Center Authority ("PCCA") and Ameenah Young (doc. 44), and in accordance with the accompanying memorandum opinion, it is ORDERED that:

(1) Defendants shall produce: (a) employment contracts made between the PCCA and any employees who were similarly situated to Apollo; (b) limited documents, as explained in the accompanying memorandum opinion, from the personnel files of those persons identified in Apollo's document requests who were similarly situated to Apollo; and (c) any documents relating to:

    a. Investigations concerning PCCA officers or employees for misconduct similar to that allegedly taken by Apollo from 2008 to the present;

    b. The termination of any PCCA officer, director, or employee from 2008;

    c. Lawsuits, complaints, claims, administrative or agency actions, EEOC, PHRC against Defendants relating to claims of discrimination or wrongful

        termination by former officers, directors, board members, employees, contractors, service providers, vendors or other businesses;

    d.    Allegations of discriminatory statements by, to or concerning any PCCA officers, directors, board members, or employees;

    e.    The June 2010 letter from the Commonwealth of Pennsylvania concerning new contracting procedures;

    f.    The Operating Agreement between the Commonwealth, the City and the Convention Center;

    g.    Statements by witnesses in this action; and

    h.    Government investigations of Defendants or any communications by any governmental investigatory agencies relating to claims of discrimination or wrongful termination since 2008.

(2)    Defendants shall not produce any of the other documents sought in the motion to compel;

(3)    By January 6, 2014, Defendants shall produce a privilege log addressing the first 30,000 documents produced.  Defendants must produce subsequent privilege logs every two weeks concerning the documents they have produced up to the date of the privilege log;

(4)    Defendants' attorneys shall respond to the subpoenas sent to persons they represent by December 30, 2013.

(5) Document production shall continue on a rolling basis and be complete by January 31, 2014.  Depositions shall be scheduled after that date.

BY THE COURT:


/s/ Timothy R. Rice
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE